UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William Douglas Dawson, Jr., #248371, Plaintiff, | ) C/A No. 4:14-3428-DCN-TER |
| vs. | ) ORDER |
| Officer Timothy Loving, in his official capacity, Defendant. | ) |

Presently before the court is Plaintiff's Motion to Compel (doc. #25).[1] Defendant filed a response in opposition to Plaintiff's Motion. (Doc. #27). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. §636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

Request No. 1:[2] Copies of Investigations on the Defendant-These reports are reasonable request for Discovery by a pro se Plaintiff that will lead to admissible evidence that would be used at trial.

Response to Motion: The Defendant asserts that this incident should be judged by the actions of the parties on October 8, 2013. The disclosure of investigations on the Defendant Loving, if any, would not provide any information that is admissible in this case or that is likely to lead to admissible evidence. In addition, this

[1] In the complaint, Plaintiff alleges that he was escorted from the sick cell to his regular cell by Defendant. Plaintiff contends that he was secured with handcuffs, leg irons, and a lead chain attached to his right wrist. Plaintiff alleges that Defendant jerked on the lead chain causing injury to his right wrist.

[2] For purposes of this order, Plaintiff's requests for production of documents will be addressed as "RFP" followed by the appropriate numerical requests.

type information would create security issues as Officer Loving continues to work and, if any other investigations exist, would also provide information concerning other inmates. The Defendant requests that Plaintiff's motion be denied on this issue.

Plaintiff's motion is granted, and Defendant shall produce to Plaintiff within ten (10) days investigation reports, if any, regarding allegations of excessive force by Defendant Loving for years 2012-2014. Defendant may seek reconsideration of this ruling within ten (10) days of the date of this Order if there are particular security concerns in producing the investigation reports. Otherwise, Defendant is directed to produce the investigation reports on Defendant Loving within ten (10) days from the date of this order.

Request No. 2: Use of Force reports on the Defendant while employment within SCDC. This information will help establish a pattern by this office that in the past he has committed like or similar offenses against prisoners.

Response to Motion: Plaintiff has not alleged any prior history with Officer Loving or that Officer Loving has engaged in a pattern of using excessive force. Plaintiff alleges that Officer Loving used too much force on the lead chain, a statement which is highly subjective. Plaintiff does not allege that he was struck by Officer Loving and does not make any other allegations of excessive force in this incident. In addition, officers within the Special Management Unit escort inmates daily while restrained. The Report on the Use of Force from this incident prepared by Officer Loving states that he "escorted I/M Dawson, William, #248371 to C-Y-8 from the medical room by placing my left hand under I/M's right shoulder and my right hand on I/M's right forearm. I/M was escorted by myself and Sergeant Wright." Anytime an inmate is escorted in this manner a Use of Force Report is made. Any time chemical munitions are utilized, a Use of Force Report is made. Any time an officer is a member of a

> Force Cell Movement Team, a Report on the Use of Force is made, even if the officer does not touch the inmate during the use of force.
>
> This case will be decided on the actions of the parties on October 8, 2013. The production of the Use of Force Repo[r]ts from numerous incidents would not be admissible in this case nor would they likely lead to admissible evidence. The production of a large number of Use of Force Reports not related to that inmate or an incident alleged in a Complaint, would constitute a threat to the security of the institution and would provide information on other inmates. The Defendant requests that Plaintiff's motion be denied on this issue.

In Defendant's response to the motion to compel request #6, Defendant states that he has provided Plaintiff with the Use of Force Report prepared by Sergeant Wright and on the Use of Force Report prepared by Defendant Loving. Defendant also asserts that Use of Force reports are numerous and are routinely prepared for various circumstances. Plaintiff fails to show how this overly broad, burdensome request would likely lead to admissible evidence, and the burden to Defendant outweighs any benefit to Plaintiff. Thus, Plaintiff's motion to compel RFP 2 is denied as to all Use of Force Reports involving Officer Loving.

Request No. 5: SCDC's Policy OP-22.01 "Use of Force"- Under Rule 26(b)(1) Fed. R. Civ. P. I have a legal right to anything which is in any way "relevant" to any part of my defense. I being a prose Plaintiff and this a case of use of force this policy that I'm requesting (or the part of it that's related to this action) is "relevant/related to this civil suit.

Response to motion: Plaintiff seeks the production of the Use of Force Policy, a restricted policy. No other policy that, if produced, would create greater security issues. The Use of Force policy governs the use of force by officers within the South Carolina Department of Corrections. Providing this information to

inmates, and particularly inmates in a highly restricted area such as the Special Management Unit, would raise serious security issues. Plaintiff does not allege that the use of a lead chain violates policy, and it certainly does not. Plaintiff's only allegation is that the Defendant Loving "jerked" on the lead chain while he was being placed back in his cell in the Special Management Unit. The Defendant asks that this request be denied.

A court can limit discovery when the burden of the discovery would outweigh the benefits. Rule 26(b)(2)(C)(iii), Fed.R.Civ.P. The security concerns of SCDC institutions of this restricted policy outweighs Plaintiff's overly broad request. Thus, Plaintiff's motion with respect to RFP 5 is denied with respect to policy OP–22.01 Use of Force policy.

Request #6: Copy of medical's report of the incident on 10-8-13 done by nurse Harris-This is the nurse who examined me after the incident so it's policy that she do a full report and therefore it's my Right to See this report.

Response to Motion: Nurse Harris did not prepare an incident report on this incident. However, the Defendant has provided Plaintiff with the Use of Force Report prepared by Sergeant Wright and on the Use of Force Report prepared by the Defendant Loving. Both entries contain a note from Nurse Harris which states Plaintiff had a "small red mark around R wrist. No open areas, brusing. Good ROM." In addition, the Defendant has provided the Plaintiff with a copy of the requested medical encounters from October 8, 2013. There are no other materials which Plaintiff has requested and the Defendant requests that Plaintiff's motion be denied on this issue.

Defendant has provided Plaintiff with the Use of Force Reports from Sergeant Wright and Defendant Loving and state there are no reports from Nurse Harris. However, Defendant asserts that there is a note from Nurse Harris in both of the reports submitted to Plaintiff. Defendant has

responded to RFP 6 and, therefore, Plaintiff's motion to compel RFP 6 is denied.

      Request #8:      Any and All Documents required by Rule 803 (3), (4), (5), (6), (7), (8), (9), (19), (20), (21), and (22) Federal Rules of Evidence for the Defendant-This is a reasonable Request that will lead to admissible relevant evidence that under Rule 26(b)(1) Fed. R. Civ. P. I a pro se Plaintiff have a legal Right to.

      Response to motion:      Federal Rules of Evidence 803 provides exception to the rule against hearsay testimony. Plaintiff cites various subsections of this rule which are exception to the Hearsay Rule. The rule is not designed for use in a request to produce and it is unclear what the Plaintiff is even seeking. The Defendant requests that Plaintiff's motion be denied on this issue.

It is unclear what Plaintiff is requesting, and this overly broad discovery request is denied. Thus, RFP 8 is denied.

    Accordingly, Plaintiff's Motion to Compel (doc. #79) is granted in part and denied in part as set forth above.

    IT IS SO ORDERED.

                                                      s/Thomas E. Rogers, III  
                                                      Thomas E. Rogers, III  
                                                      United States Magistrate Judge

May 21, 2015  
Florence, South Carolina